

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

HZC / ALL
**Transmittal Number: 15533144**
**Date Processed: 08/22/2016**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02166 |

| | |
|---|---|
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number 2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | Patricia Turner vs. Liberty Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2016-53012 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/22/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 2 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com



EXHIBIT

A

CAUSE NO. 201653012

RECEIPT NO.                           75.00     CTM
            **********             TR # 73277289

| PLAINTIFF: TURNER, PATRICIA | In The   125th |
| vs. | Judicial District Court |
| DEFENDANT: LIBERTY INSURANCE CORPORATION | of Harris County, Texas |
| | 125TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: LIBERTY INSURANCE CORPORATION MAY BE SERVED THROUGH ITS REGISTERED
    AGENT CORPORATION SERVICE COMPANY

    211 EAST 7TH STREET SUITE 620   AUSTIN TX 78701 - 3218

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND</u>

This instrument was filed on the <u>10th day of August, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 15th day of August, 2016, under my hand and
seal of said Court.



Issued at request of:                CHRIS DANIEL, District Clerk
WILSON, CHAD TROY                    Harris County, Texas
1322  SPACE PARK DRIVE SUITE A155    201 Caroline, Houston, Texas 77002
HOUSTON, TX  77058                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 415-1432
Bar No.: 24079587                    Generated By: FRANKLIN, KRYSTAL GAYLE  Q8I//10455518

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____      _____
                                     ADDRESS

                                     Service was executed in accordance with Rule 106
_____          (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                             return receipt incorporated herein and attached
                                         hereto at
_____
                                     on _____ day of _____, _____
                                     by U.S. Postal delivery to _____

                                     This citation was not executed for the following
                                     reason: _____
                                     _____

                                     CHRIS DANIEL, District Clerk
                                     Harris County, TEXAS

                                     By _____, Deputy

N.INT.CITM.P                    *73277289*

CAUSE NO. 201653012

RECEIPT NO.                          75.00        CTM
\*\*\*\*\*\*\*\*\*\*                        TR # 73277362

| | |
|---|---|
| PLAINTIFF: TURNER, PATRICIA<br>        vs.<br>DEFENDANT: LIBERTY INSURANCE CORPORATION | In The    125th<br>Judicial District Court<br>of Harris County, Texas<br>125TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: MAXWELL, AIMEE

    11655 WEST 100 NORTH,   KOKOMO IN 46901·

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND</u>

This instrument was filed on the <u>10th day of August, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 15th day of August, 2016, under my hand and
seal of said Court.



Issued at request of:
WILSON, CHAD TROY
1322  SPACE PARK DRIVE SUITE A155
HOUSTON, TX  77058
Tel: (832) 415-1432
<u>Bar No.</u>: 24079587

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: FRANKLIN, KRYSTAL GAYLE  Q8I//10455518

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____         ADDRESS

_____         Service was executed in accordance with Rule 106
(a) ADDRESSEE                               (2) TRCP, upon the Defendant as evidenced by the
                                            return receipt incorporated herein and attached
_____            hereto at

                                         _____
                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____
                                         _____

                                         This citation was not executed for the following
                                         reason: _____
                                         _____

                                         CHRIS DANIEL, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                          **\*73277362\***

## 2016-53012 / Court: 125

8/10/2016 3:37:38 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12100984
By: Krystal Franklin
Filed: 8/10/2016 3:37:38 PM

CAUSE NO. _____

| | | |
|---|---|---|
| PATRICIA TURNER, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY INSURANCE CORPORATION | § | |
| and AIMEE MAXWELL, | § | |
|     Defendants, | § | _____ DISTRICT COURT |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Patricia Turner, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Insurance Corporation ("Liberty") and Aimee Maxwell ("Maxwell") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Patricia Turner, resides in Harris County, Texas.

3.    Defendant, Liberty Insurance Corporation, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Liberty, through its registered agent for service, **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

4.      Defendant, Aimee Maxwell, is an adjuster who resides in Kokomo, Indiana.  Plaintiff
        requests service of citation upon Aimee Maxwell at the address listed with the Texas
        Department of Insurance: **11655 West 100 North, Kokomo, Indiana 46901**.  Plaintiff
        requests service at this time.

### JURISDICTION

5.      The Court has jurisdiction over Liberty Insurance Corporation because this Defendant
        engages in the business of insurance in the State of Texas, and the causes of action arise
        out of Defendant's business activities in the state, including those in Harris County, Texas,
        with reference to this specific case.

6.      The Court has jurisdiction over Aimee Maxwell because this Defendant engaged in the
        business of adjusting insurance claims in the State of Texas, and the causes of action arise
        out of her business activities in the State of Texas, including those in Harris County, Texas,
        with reference to this specific case.

### VENUE

7.      Venue is proper in Harris County, Texas, because the insured property is located in Harris
        County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
        in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence,
        negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and
        violations of the Texas DTPA.

2

9.    Plaintiff owns a Liberty Insurance Corporation homeowner's insurance policy, number
      H3729815127740 ("the Policy"), which was issued by Liberty.  At all relevant times,
      Plaintiff owned the insured premises located at 13915 River Keg Drive, Houston, Texas
      77083 ("the Property").

10.   Liberty or its agent sold the Policy, insuring the Property, to Plaintiff.  Liberty represented
      to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's
      home.

11.   On or about August 11, 2015, the Property sustained extensive damage resulting from a
      severe storm that passed through the Harris County, Texas, area.

12.   In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Liberty against
      the Policy for damage to the Property.  Liberty assigned claim number 033204407-01 to
      Plaintiff's claim.

13.   Plaintiff asked Liberty to cover the cost of damage to the Property pursuant to the Policy.

14.   Liberty hired or assigned its agents, namely Maxwell, to inspect and adjust the claim.
      Maxwell conducted an inspection on or about January 30, 2016, according to the
      information contained in her estimate.  Maxwell's findings generated an estimate of
      damages totaling $13,468.28. After application of depreciation and deductible of $1,694.00
      Plaintiff was left with only $4,520.69 to make necessary repairs on her home.

15.   Liberty, through its agent, Maxwell, conducted a substandard and improper inspection of
      the Property, which grossly undervalued the cost of repairs in its estimate and yielded an
      unrealistic amount to underpay coverage.

3

16.     Liberty and Maxwell have ultimately refused full coverage which includes, but is not
        limited to, replacement of the roof and additional exterior damage. Specifically, Maxwell
        undervalued the cost of replacing the following: shingles, drip edge, gutter apron, roofing
        felt, valley metal, gutters, down spouts, windows, and repairing and repainting exterior
        fascia. The third party estimator hired to review the damage to the Property found
        $26,836.53 of damage to Plaintiff's roof and exterior, or more than double Maxwell's
        estimate of damages. In addition, the third party estimator found damage to the Plaintiff's
        outdoor shed and fencing that were completely absent from Maxwell's estimate.

17.     The damage to Plaintiff's Property is currently estimated at $38,642.24.

18.     Maxwell had a vested interest in undervaluing the claims assigned to her by Liberty in
        order to maintain her employment. The disparity in the number of damaged items in her
        report compared to that of the third party estimator's as well as the difference in valuation
        is evidence of fraud on the part of Maxwell.

19.     Furthermore, Maxwell was aware of Plaintiff's deductible prior to inspecting the Property.
        Maxwell had advanced knowledge of the damages she needed to document in order to be
        able to deny the claim.

20.     Maxwell misrepresented the actual amount of damage Plaintiff's Property sustained in
        addition to how much it would cost to repair the damage. Maxwell made these
        misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on
        her expertise and accept the fraudulent estimate as a true representation of the damages.

4

21.   After reviewing Plaintiff's Policy, Maxwell misrepresented that the damage was caused by non-covered perils. Maxwell used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22.   As stated above, Liberty and Maxwell improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Liberty and Maxwell misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23.   Liberty and Maxwell made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Liberty and Maxwell made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Maxwell.

24.   Plaintiff relied on Liberty and Maxwell's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25.   Upon receipt of the inspection and estimate reports from Maxwell, Liberty failed to assess the claim thoroughly. Based upon Maxwell's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Liberty failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26.   Because Liberty and Maxwell failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has

caused additional damage to Plaintiff's Property.

27.    Furthermore, Liberty and Maxwell failed to perform their contractual duties to Plaintiff under the terms of the Policy.  Specifically, Maxwell performed an unreasonable and substandard inspection that allowed Liberty to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28.    Liberty and Maxwell's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29.    Liberty and Maxwell's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Liberty and Maxwell have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Liberty and Maxwell have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30.    Liberty and Maxwell's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Liberty and Maxwell failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

31.   Additionally, after Liberty received statutory demand on or about June 9, 2016, Liberty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32.   Liberty and Maxwell's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Maxwell performed a biased and intentionally substandard inspection designed to allow Liberty to refuse to provide full coverage to Plaintiff under the Policy.

33.   Specifically, Liberty and Maxwell performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34.   Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Maxwell subpar inspection, Liberty failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35.   Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Maxwell's intentional undervaluation of Plaintiff's claims, Liberty failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Maxwell's understatement of the damage to the Property caused Liberty to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

36.  Liberty and Maxwell's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT LIBERTY INSURANCE CORPORATION

37.  All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

38.  Liberty is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty and Plaintiff.

39.  Liberty's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.  Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41.  Liberty's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

8

42.     Liberty's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43.     Liberty's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44.     Liberty's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45.     Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

46.     Liberty's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

9

48.     Liberty's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,
        even though Liberty knew or should have known by the exercise of reasonable diligence
        that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
        dealing.

## DTPA VIOLATIONS

49.     Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
        and services provided by Liberty pursuant to the DTPA.  Plaintiff has met all conditions
        precedent to bring this cause of action against Liberty.  Specifically, Liberty's violations
        of the DTPA include, without limitation, the following matters:

        A.      By its acts, omissions, failures, and conduct, Liberty has violated sections
                17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Liberty's violations
                include, (1) unreasonable delays in the investigation, adjustment, and resolution of
                Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure
                to pay for the proper repair of Plaintiff's property when liability has become
                reasonably clear, which gives Plaintiff the right to recover under section
                17.46(b)(2).

        B.      Liberty represented to Plaintiff that the Policy and Liberty's adjusting agent and
                investigative services had characteristics or benefits they did not possess, which
                gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

10

C.  Liberty represented to Plaintiff that Liberty's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Liberty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Liberty breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Liberty's actions are unconscionable in that Liberty took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Liberty's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Liberty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.  Each of the above-described acts, omissions, and failures of Liberty is a producing cause of Plaintiff's damages. All of Liberty's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**NEGLIGENT HIRING**

51.  Liberty has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a

11

lack of fitness.  Defendant Liberty owed a duty to Plaintiff and that duty was breached.

52.     Liberty was negligent in that it knew or should have known that Maxwell was an
        incompetent adjuster and unfit to handle claims on behalf of Liberty.  Specifically, Liberty
        should have known Maxwell was incapable of performing the tasks necessary to perform
        a reasonable property damage inspection.

53.     Liberty failed to investigate, screen or supervise Maxwell, who was the proximate cause
        of the damages suffered by Plaintiff in this action.

## FRAUD

54.     Liberty is liable to Plaintiff for common law fraud.

55.     Every misrepresentation described above concerned material facts that absent such
        representations, Plaintiff would not have acted as she did, and Liberty knew the
        representations were false or made recklessly without any knowledge of their truth as a
        positive assertion.

56.     Liberty made these statements intending that Plaintiff act upon them.  Plaintiff then acted
        in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting
        common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT AIMEE MAXWELL

57.     All paragraphs from the fact section of this petition are hereby incorporated into this
        section.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

58.     Maxwell's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
        Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

59.   Maxwell is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Liberty, because Maxwell is a "person" as defined by TEX. INS. CODE §541.002(2).

60.   Maxwell's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

61.   Maxwell's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

62.   Maxwell knowingly underestimated the amount of damage to the Property. As such, Maxwell failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

63.   Furthermore, Maxwell did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

64.   Maxwell's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Maxwell pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Maxwell. Specifically, Maxwell's violations of the DTPA include the following matters:

13

A.   By her acts, omissions, failures, and conduct, Maxwell has violated sections 17.46(b) (2), (5), and (7) of the DTPA. Maxwell's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Maxwell represented to Plaintiff that the Policy and her adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Maxwell represented to Plaintiff that the Policy and her adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

D.   Maxwell's actions are unconscionable in that Maxwell took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Maxwell's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Maxwell's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

14

65.   Each of Maxwell's above-described acts, omissions, and failures is a producing cause of
      Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and
      "intentionally" by Maxwell, as defined by the Texas Deceptive Trade Practices Act. TEX.
      BUS. & COM. CODE 17.45.

## NEGLIGENCE

66.   Maxwell was negligent in her action and/or omission with regard to her adjusting of
      Plaintiff's claim. Maxwell violated the standard of care and fell below the applicable
      standard of an insurance adjuster licensed by the state of Texas. Those failures include one
      or more of the following acts or omissions:

      A.   Failure to conduct a reasonable inspection;

      B.   Failure to include covered damage that would be discovered as a result of a
           reasonable inspection;

      C.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

      D.   Failure to properly identify the cost of proper repairs to Plaintiff's Property; and

      E.   Failure to communicate to Plaintiff the reasons for specific determinations made
           regarding the inclusion or exclusion of damage to the Property.

67.   Maxwell's acts and/or omissions constitute negligence. Her conduct was the proximate
      cause of the damages sustained by Plaintiff.

68.   At all relevant times, Maxwell was an agent or employee of Defendant Liberty.

69.   Maxwell's unreasonable inspection was performed within the course and scope of her
      duties with Defendant Liberty. Therefore, Liberty is also liable for the negligence of
      Maxwell through the doctrine of respondeat superior.

15

## GROSS NEGLIGENCE

70. Maxwell's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   A.   Maxwell's actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff; and

   B.   Maxwell had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

71. By Liberty's direction, Maxwell intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property. Her estimate was to such an extreme degree bellow what another reasonable licensed adjuster would have done in that situation, and in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

72. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

73. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

74.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

75.    Plaintiff currently estimates that actual damages to the Property under the Policy are $38,642.24.

76.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

77.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

78.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

79.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is
     entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on
     those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees.
     TEX. INS. CODE §542.060.

80.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to
     compensatory damages, including all forms of loss resulting from Defendants' breach of
     duty, such as additional costs, economic hardship, losses due to the nonpayment of the
     amount Liberty owed, exemplary damages, and damages for emotional distress.

81.  Defendants' breach of the common law duty of good faith and fair dealing was committed
     intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with
     "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies
     Code. These violations are the type of conduct which the State of Texas protects its citizens
     against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery
     of exemplary damages in an amount determined by the finder of fact sufficient to punish
     Defendants for their wrongful conduct, and to set an example to deter Defendants and
     others from committing similar acts in the future.

82.  For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly
     fraudulent and malicious representations, along with attorney's fees, interest, and court
     costs.

18

83.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

84.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

85.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

86.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, Liberty Insurance Corporation and Aimee Maxwell, be cited and served to appear, and that upon trial hereof, Plaintiff, Patricia Turner, recovers from Defendants, Liberty Insurance Corporation and Aimee Maxwell, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

20



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



7014 1820 0001 6309 0943

Liberty Insurance Corporation
c/o Corporation Service Company
211 East 7th Street Suite 620
Austin, Texas 78701-3218